LEMEROND, Plaintiff in error, v. STATE, Defendant in error.

*No. State 23. Argued September 8, 1969.—Decided September 30, 1969.*

(Also reported in 170 N. W. 2d 700.)

160

"...

..."

The cause was submitted for the plaintiff in error on the briefs of *Philip Jean Lemerond* of Waupun, *pro se,* and for the defendant in error on the brief of *Robert W. Warren,* attorney general, *E. Michael McCann,* district attorney of Milwaukee county, and *Theodore J. Hodan,* assistant district attorney.

CONNOR T. HANSEN, J. The defendant raised three issues:

(1) Whether there is enough credible evidence to support a finding of guilty;

(2) Whether the defendant was denied effective assistance of counsel; and

(3) Whether a fair trial was had because the trial judge took part in questioning witnesses.

SUFFICIENCY OF THE EVIDENCE.

"We have said many times that when the question of the sufficiency of the evidence is presented on appeal in a criminal case the only question for this court is whether the evidence adduced, believed and rationally considered by the jury, was sufficient to prove the defendants' guilt beyond a reasonable doubt. . . . This ultimate test is the same whether the trier of the facts is a court or a jury. . . . The test is not whether this court is convinced of the guilt of the defendant beyond a reasonable doubt but whether this court can conclude the trier of the facts could, acting reasonably, be convinced to the required degree of certitude by the evidence which it had

a right to believe and accept as true." *Lock v. State* (1966), 31 Wis. 2d 110, 114, 115, 142 N. W. 2d 183.

The state's only witness was the complainant, a young man who was sixteen at the time of the offenses. He testified that he spent the night in the defendant's home and in bed with the defendant when the violations took place.

The defense offered the testimony of a young woman and the defendant. She was eighteen at the time of the incidents and a girl friend of a Mr. Billie Huff, who was a roommate of the defendant. She testified that defendant brought the complainant home with him about 10 p. m. and at about midnight they all went to bed as follows: The sixteen-year-old boy slept on a couch in the living room; the defendant and Billie Huff slept together in the defendant's bedroom; and she slept in the other bedroom. She also testified that this was the way in which she found the parties when she awoke the next morning.

The defendant's testimony was a complete denial of any abnormal sexual advances or actions with the complainant and he related a sequence of events similar to that of the young woman.

While the testimony of the complainant was uncorroborated, the rule is well settled that this is sufficient for a conviction. *State v. Pickett* (1951), 259 Wis. 593, 597, 49 N. W. 2d 712; *Grayson v. State* (1967), 35 Wis. 2d 360, 151 N. W. 2d 100. It is also clear that the credibility of witnesses is a proper function of the trier of fact.

"The credibility of the witnesses is properly the function of the jury or the trier of fact, in this case the trial judge. It is only when the evidence that the trier of fact has relied upon is inherently or patently incredible that the appellate court will substitute its judgment for that of the fact finder, who has the great advantage of being present at the trial." *Gauthier v. State* (1965), 28 Wis. 2d 412, 416, 137 N. W. 2d 101, certiorari denied, 383 U. S. 916, 86 Sup. Ct. 910, 15 L. Ed. 2d 671.

Although some statements by the complainant were inconsistent, the issue remained one of credibility. The testimony of the complainant could have been believed or disbelieved, but his testimony was not patently incredible and constitutes a sufficient basis upon which the trier of fact could sustain a finding of guilty beyond a reasonable doubt. This was the conclusion reached previously by this court (Unpublished Opinion 68/142) and another review of the record fails to show any reason for changing that decision.

DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL.

". . . The rule is that representation by counsel must be so inadequate and of such low competency as to amount to no representation at all before this court will be persuaded relief should be granted. *State v. Clarke* (1967), 36 Wis. 2d 263, 153 N. W. 2d 61, and cases cited." *Lehmann v. State* (1968), 39 Wis. 2d 619, 630, 159 N. W. 2d 607.

Defendant claims that appointed counsel failed to call certain witnesses whose testimony would have established the defendant's innocence. Defendant contends that defense counsel should have called Huff to testify in that he could corroborate the testimony of the defendant and the young woman. The record shows that Huff was present during the preliminary examination. Thus defense counsel had an opportunity to question Huff and any attempt to explain why counsel failed to call him at the trial would be mere conjecture. It is clear, however, that the failure to call Huff did not reduce the trial to a sham. Nor did the failure to call certain claimed witnesses to discredit the moral character of the complainant result in a denial of effective assistance of counsel.

Finally, defendant claims defense counsel failed to call an alibi witness for the night of November 12–13, 1967. However, the violations occurred the night of November

11-12, 1967. Therefore, any testimony as to the defendant's location the night of November 12-13, 1967, would have been irrelevant.

A review of the record and transcript gives no indication that the defendant was in any way denied effective assistance of counsel.

DENIAL OF FAIR TRIAL.

The trial was before the court and the defendant claims he was denied a fair and impartial trial because of the conduct of the trial judge. However, defendant has not directed our attention to any specific acts of such conduct by the trial judge, and our examination of the record does not disclose any facts which would constitute a denial of a fair trial. The court did ask some questions of the witnesses and the following is the only instance in which the trial court did more than clarify a witness' statement: (The questions were directed to the young woman.)

*(Prosecuting Attorney):* "I have no further questions."
*(Defense Counsel):* "No further questions.
*"The Court:*
*"Q.* How old is Billie Huff? *A.* He was just 20 March the 10th.
*"Q.* You say he lived there at the time, he lived there with the defendant? *A.* Yes.
*"Q.* And under what circumstances were you over there? *A.* Well, I stay over there once in a while.
*"The Court:* I believe that's all."

This questioning was well within the recognized power of a trial court to ascertain and elicit the truth. "While the court cannot function as a partisan, it may take necessary steps to aid in the discovery of truth." *State v. Nutley* (1964), 24 Wis. 2d 527, 562, 129 N. W. 2d 155.

A review of the record shows the allegation of denial of a fair trial to be completely unfounded.

*By the Court.*—Judgment affirmed.