STATE, Respondent, v. STOCKMAN, Appellant.

*No. State 112. Argued February 6, 1970.—Decided March 3, 1970.*
(Also reported in 174 N. W. 2d 249.)

For the appellant there was a brief by *Zubrensky, Padden, Graf & Bratt* and *Richard Perry,* all of Milwaukee, and oral argument by *Mr. Perry.*

For the respondent the cause was argued by *Michael Ash,* assistant district attorney of Milwaukee county,

with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

HEFFERNAN, J. The alleged victim was apprehended in the early morning hours of September 16, 1968, and he was charged with driving a stolen automobile and with being intoxicated. He told the police that two pints of brandy had been given to him by the defendant. He told the officers that he had met the defendant in the vicinity of 11th and National on the south side of Milwaukee sometime between 9:30 and 10 p. m. on the evening of September 15th. He claimed that he approached the defendant and asked him to buy him some drinks. It was the seventeen-year-old's testimony that the defendant agreed on the condition that he be allowed to perform an act of sodomy. The two then walked into the alley, where it was alleged the indecent act took place. During the course of the act, the minor claimed that he removed the defendant's wallet, and when a car came into the alley, he ran away with the wallet. When the defendant asked for the return of his money and threatened to tell the police, the minor pointed out that, under the circumstances, the defendant was in no position to complain to the police. Accordingly, the minor testified that he gave the defendant $6, and the defendant then purchased two pints of brandy. The minor returned the wallet but kept the balance of approximately $60.

The defendant Stockman has denied this story *in toto,* claiming that he did not see the complainant on the night in question.

Defendant's counsel on this appeal takes the position that the base character of the complainant is so revealed by his own testimony that the evidence offered by him is completely unreliable. Although we may agree with counsel's appraisal of the character of the complainant, yet the essence of defendant's argument is that the

testimony upon which the conviction is based is incredible. That determination, however, is not a function of the appellate court.

We pointed out in *Gauthier v. State* (1965), 28 Wis. 2d 412, 137 N. W. 2d 101, that it is for the trial court to determine the credibility of the witnesses and that this court would make a determination of credibility only when the facts reveal that the testimony relied upon is patently or inherently incredible. We have repeatedly stated that we would not substitute our judgment for that of the jury or of the judge, when he is the trier of the fact. We cannot say that the evidence is incredible as a matter of law. Defendant's counsel on this appeal contends that, nevertheless, the evidence is insufficient, since the conviction rests upon the uncorroborated testimony of the alleged victim. In *Lemerond v. State* (1969), 44 Wis. 2d 158, 162, 170 N. W. 2d 700, a case involving indecent liberties with a minor, we pointed out:

"While the testimony of the complainant was uncorroborated, the rule is well settled that this is sufficient for a conviction. *State v. Pickett* (1951), 259 Wis. 593, 597, 49 N. W. 2d 712; *Grayson v. State* (1967), 35 Wis. 2d 360, 151 N. W. 2d 100."

The *Lemerond Case* pointed out that the question was essentially one of credibility and that, where the testimony was found to be credible by the trier of fact, it was sufficient although uncorroborated.

Although it is clear that uncorroborated testimony is sufficient for a conviction, it cannot be said that there is no corroboration in the instant case, for although the exact time of the offense is disputed, it is nevertheless clear that the defendant was in the vicinity of the situs of the crime within a few minutes of its alleged commission. Moreover, the testimony of the minor is clear and unequivocal. He entertained no doubts of the identity of the defendant and was consistent in regard to the details of the alleged occurrence. We are satisfied,

irrespective of what judgment the members of this court might have passed upon the evidence, that it was within the province of the trial court to find the testimony of the complainant credible.

The same test of credibility applies to the defendant's alibi. If believed implicitly, it would have placed the defendant elsewhere than at the scene of the crime. The test used in *Berg v. State* (1969), 41 Wis. 2d 729, 738, 165 N. W. 2d 189, was properly applicable here:

"However, as this court has repeatedly stated, 'Testimony supporting an alibi does not raise a reasonable doubt as a matter of law.' *State v. Grahn* (1963), 21 Wis. 2d 49, 52, 123 N. W. 2d 510. The credibility of a witness to an alibi defense is to be measured by the same test that we apply to other witnesses. The credibility and the weight to be given to the testimony of such witnesses is strictly a function of the jury. *State v. Clarke* (1967), 36 Wis. 2d 263, 277, 153 N. W. 2d 61."

As in *Berg*, the judge was in the proper exercise of his function as a factfinder when he relied upon the credibility of the complainant's testimony and chose to disbelieve the testimony of the defendant's alibi witnesses. We are therefore obliged to conclude that the trial court, relying upon evidence which it had a right to rely upon, could properly find the defendant guilty beyond a reasonable doubt. The evidence is sufficient.

We also conclude that the conviction should not be reversed in the interests of justice. In *Commodore v. State* (1967), 33 Wis. 2d 373, 383, 147 N. W. 2d 283, we said:

"This power is exercised with 'some reluctance and with great caution' and only in the event of a probable miscarriage of justice. *Ferry v. State* (1954), 266 Wis. 508, 511, 63 N. W. (2d) 741. Such grave doubt must exist regarding a defendant's guilt to induce the belief that justice has miscarried. *State v. Fricke* (1934), 215 Wis. 661, 667, 255 N. W. 724. In *Lock v. State* (1966), 31 Wis. (2d) 110, 118, 142 N. W. (2d) 183, we stated:

" 'In order for this court to exercise its discretion and for such a probability [of a miscarriage of justice] to exist we would at least have to be convinced that the defendant should not have been found guilty and that justice demands the defendant be given another trial.' "

Applying these tests we are satisfied that justice has not miscarried and that the judgments must be affirmed.

*By the Court.*—Judgments affirmed.