STATE, Respondent, v. COLE, Appellant.

*No. State 75. Argued February 5, 1971.—Decided March 5, 1971.*
(Also reported in 184 N. W. 2d 75.)

450

For the appellant there was a brief by *Shellow & Shellow* and *Robert H. Friebert,* all of Milwaukee, and oral argument by *Mr. Friebert.*

For the respondent the cause was argued by *Lee Edward Wells,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

WILKIE, J. The first contention of defendant on this appeal is that the out-of-court identification procedure was in violation of defendant's constitutional rights in that she was denied counsel during the identification procedure. She also urges that the photographic identification procedure was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." [1]

To reach this contention we must first determine whether or not this defendant waived these objections.

The state did not offer evidence of any identification prior to that made at trial. All of the evidence we have already detailed concerning the out-of-court identifications was brought out by the defense on cross-examina-

[1] *Simmons v. United States* (1968), 390 U. S. 377, 384, 88 Sup. Ct. 967, 19 L. Ed. 2d 1247.

tion. Therefore, the right to raise these objections on this appeal may be deemed waived.[2]

Defense counsel was well aware of the circumstances surrounding the out-of-court identification since he brought them out on cross-examination. Therefore, we consider that his failure to object was a matter of deliberate strategy. This would effectuate a waiver even under defendant's position taken at oral argument that there can be no waiver of constitutional right other than for strategic purposes.[3]

We see no reason why in view of this waiver this court, in our discretion, should consider defendant's objections on this point on this appeal.

The second major contention of defendant is that the in-court identification made by Espinolia Cobb was tainted by the out-of-court identification so as to render the in-court identification unreliable.

The witness testified that her in-court identification was based on her observations during the robbery, not on the out-of-court identification made at the request of the police. There is evidence to support her testimony. During the twelve to twenty minutes that the robbery actually took place she had good opportunity to observe and remember the participants; the store was lighted and the witness stood in close proximity, at least twice, to the three participants in the robbery. Further, her recounting of various other details such as the description she gave of the gun, the way the participants were dressed, the conversation that took place, supports the state's position.

Again, there was no objection to the in-court identification and the right to pursue the objection now asserted by defendant has been waived and we see no reason in our discretion to consider these objections.

[2] *State v. Clarke* (1970), 49 Wis. 2d 161, 173, 181 N. W. 2d 355.

[3] *Henry v. Mississippi* (1965), 379 U. S. 443, 85 Sup. Ct. 564, 13 L. Ed. 2d 408; *State v. Strickland* (1965), 27 Wis. 2d 623, 135 N. W. 2d 295.

Other issues presented on this appeal are as follows:

1. Did the state fail to disclose to the defense certain information in its possession which was exculpatory?

2. Was the evidence sufficient to support a finding of guilt?

3. Should a new trial be awarded in the interest of justice?

4. Should the sentence imposed be reviewed?

1. *Failure of state to disclose exculpatory evidence.* The defendant was arrested while riding with three male companions in a light-colored Ford station wagon when a gun was discharged by one of these young men.

Defendant contends that the state was in possession of exculpatory evidence which it failed to disclose to defendant (1) that the car in which the robbers made their escape was identified by a witness as being a 1960 or 1961 Dodge wagon, but the car in which defendant was arrested was a Ford station wagon; and (2) that the gun used in the robbery was a large revolver with a long barrel, while the gun discharged in the car when defendant was arrested was a snub-nosed pistol. Defendant argues that the failure of the state to inform the defense that both the car and gun involved in the arrest were different from the car and gun involved in the robbery was a failure to disclose exculpatory evidence as required by decisions of the United States Supreme Court [4] and of this court. [5]

In *Brady v. Maryland* [6] the court stated:

"We now hold that the suppression by the prosecution of evidence favorable to an accused *upon request* violates due process where the evidence is material either to guilt

---

[4] *Giles v. Maryland* (1967), 386 U. S. 66, 87 Sup. Ct. 793, 17 L. Ed. 2d 737; *Brady v. Maryland* (1963), 373 U. S. 83, 83 Sup. Ct. 1194, 10 L. Ed. 2d 215.

[5] *Britton v. State* (1969), 44 Wis. 2d 109, 170 N. W. 2d 785.

[6] *Supra,* footnote 4.

or to punishment, irrespective of the good faith or bad faith of the prosecution." (Emphasis supplied.) [7]

In *Brady* two men were charged with murder. At trial, the appellant admitted his participation, but claimed his coparticipant did the actual killing. Defense counsel had requested all of the out-of-court statements of the coparticipant and were given all of them except one in which he admitted the act. The court affirmed the Maryland Court of Appeals which held the evidence should have been disclosed since it might have affected the jury's determination of the punishment to be imposed.

This rule of *Brady v. Maryland* was not changed by *Giles v. Maryland*,[8] a later United States Supreme Court case involving the same general subject. In *Giles* three brothers were convicted of raping a sixteen-year-old girl. At trial they testified that the "victim" had not only consented but had in fact invited the act and that she informed them of numerous previous such acts. The evidence allegedly suppressed was (1) a similar complaint of rape which occurred between the event involved and the trial, which charges were later withdrawn by the girl, and admissions by her to police that she had previously had relations with numerous boys and men, many of whom she did not know; (2) a formal recommendation by a social worker of probation for the girl because she was beyond parental control; (3) a hearing resulting in commitment of the girl by juvenile authorities for "protective custody" because of harassment by young men and a suicide attempt. In this case also the defense attempted to inquire into these matters and was, for various reasons, prevented from doing so.

The United States Supreme Court remanded the matter to the Maryland courts, noting:

[7] *Id.* at page 87.

[8] *Supra,* footnote 4.

". . . we need only determine that the evidence raises an issue of sufficient substance to justify remanding this case for reconsideration rather than deciding the broader constitutional question." [9]

*Giles* does not go any further than the holding of *Brady,* but is merely an application of that decision. In applying *Brady* to the instant case, we are satisfied that the defendant was in no way denied due process.

First, the record does not disclose that defense counsel ever made any request that the state disclose the details of the arrest, *i.e.,* the kind of car or the kind of gun involved in the arrest.

We fail to see how these facts were in any way exculpatory. No attempt was made to link the car in which defendant was arrested, nor the gun seized, to the robbery. Nor was any evidence of the get-away car introduced. Even assuming it had been, evidence that defendant was arrested the following day, in a different car, with a different gun, and in the company of three young men who were in no way connected with the robbery would in no way exculpate defendant.

Certainly defendant was aware of the kind of car and gun involved in her arrest. Therefore, this information was not "in the exclusive possession of the state." [10] When testimony of the gun was introduced at trial, the defendant was very able to introduce evidence of the type of gun seized upon defendant's arrest. Similarly, had the state introduced the rather sketchy evidence it had of the get-away car, defendant would also have been able to introduce evidence as to the kind of car she was in when arrested. This is all that *Brady* would require.

2. *Sufficiency of the evidence.* There is no merit in appellant's contention that there is insufficient evidence to support the jury's verdict. There is the unequivocal

[9] *Giles v. Maryland, supra,* footnote 4, at page 79.

[10] *Id.* at page 101.

testimony of an eyewitness which stands uncontradicted in the record except for the denials of the defendant. Thus a jury question was presented which, in this instance, was resolved against the defendant.

3. *New trial in the interest of justice.* On this record we find no basis for ordering a new trial in the interest of justice.[11]

4. *Sentencing.* The appellant contends that no matter what this court's determination is on the merits of the appeal, it should nevertheless order a new sentencing proceeding because the defendant was not adequately represented at the sentencing. Defendant urges that although her trial counsel was present at the sentencing, she was inadequately represented by counsel because, by his own admission to the court, he knew nothing about defendant and asked for a presentence investigation. This request was refused by the court and the defendant was sentenced for an indeterminate term of not more than twenty years.

Defendant's counsel had adequate opportunity to inquire into defendant's background. It is not necessary, however, for counsel to offer a recommendation based on his knowledge of defendant's background in order to constitute adequate representation. He had knowledge of defendant's prior convictions and of the nature of the crime of which she was convicted; these factors would be important, of course, in determining the sentence to be given.

While the presentence report is a valuable tool available to the trial judge when imposing sentence, and its use is to be recommended, a failure to do so is not a denial of due process. The imposition and length of sentence is in the discretion of the trial judge,[12] and

---

[11] *State v. Stockman* (1970), 46 Wis. 2d 243, 248, 249, 174 N. W. 2d 249.

[12] *Embry v. State* (1970), 46 Wis. 2d 151, 174 N. W. 2d 521.

the ordering of a presentence report is purely discretionary.[13] There appears to be no abuse of discretion here. Defendant's age, general educational background, and marital status were disclosed at trial; her prior convictions and incarceration were before the court and accessible to counsel; the serious nature of the crime of which she was convicted was also known. Therefore, the sentence was not imposed arbitrarily without considering pertinent facts. There is no basis for ordering a new sentencing proceeding in the interest of justice.

*By the Court.*—Judgment and order affirmed.

WILKIE, J. (*concurring*). For the purpose of speaking personally and not for the court, I write this concurring opinion. Although there was a waiver here of any objections, either to the out-of-court identification procedures or to the in-court identification, in the future I think a *Goodchild* [1] type proceeding should be required in cases such as this.[2] In individual cases where there is an out-of-court identification in advance of trial without the knowledge of the defendant or his counsel, the district attorney may or may not rely on that identification at the trial. The defense is obliged to fish on cross-examination to determine whether such identification in fact occurred and the details of the procedure employed in those identifications. Although the state may initially choose not to rely on these identifications at trial, once the door has been opened by the defendant, the state has an opportunity to get further details before the jury. When evidence of such out-of-court identifications is to be relied on by the state, a hearing should

---

[13] Sec. 57.025 (6), Stats. 1967. This provision is currently found in sec. 972.15 of the new Criminal Code.

[1] *State ex rel. Goodchild v. Burke* (1965), 27 Wis. 2d 244, 133 N. W. 2d 753.

[2] *Roney v. State* (1969), 44 Wis. 2d 522, 534, 171 N. W. 2d 400.

be held prior to trial, at which the state would have the burden of proving beyond a reasonable doubt that the identification procedures were fair and constitutionally antiseptic. When these out-of-court identifications are not relied on by the state, but their existence is disclosed on cross-examination, when requested by the defendant a separate hearing should be immediately held without the jury to fully explore the details thereof and the effect on subsequent lineup or in-court identifications. The court has already suggested the holding of such a hearing on "an in-court identification allegedly based on a lineup claimed to be defective." [3]

