SIMOS, Plaintiff in error, v. STATE, Defendant in error.*

*No. State 120. Argued December 2, 1971.—Decided
January 4, 1972.*
(Also reported in 192 N. W. 2d 877.)

* Motion for rehearing denied, without costs, and the state's
motion to modify opinion denied, on February 29, 1972.

494

For the plaintiff in error there were briefs and oral argument by *Nathaniel D. Rothstein* of Milwaukee.

For the defendant in error the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

WILKIE, J. This entire case turns on the identification of the defendant as one who burglarized the Radcliffe premises. Two primary issues are raised on this review:

1. Was the testimony of the state's primary witnesses inherently incredible?

2. Did the prosecutor fail to disclose to defendant certain exculpatory evidence?

*Credibility of witnesses.*

Defendant first argues that the identification by the Radcliffes was inherently incredible because it would be impossible for anyone to identify the couple passing in front of a car in such a short time. It is well established that this court will not upset a jury's determination of credibility unless the fact relied upon is inherently or patently incredible.[1] " 'Incredible evidence is evidence

[1] *Lemerond v. State* (1969), 44 Wis. 2d 158, 162, 170 N. W. 2d 700.

in conflict with the uniform course of nature or with fully established or conceded facts.' " [2]

In the present case the credibility of the Radcliffes' testimony and the weight to be given it are well suited for jury determination. The identification made by the Radcliffes of the man and woman passing in the street immediately in front of their car with the car lights shining upon them, is not inherently incredible. It was for the jury to determine the weight to be given this evidence and once the jury decides the issue, this court will not overturn the determination.

*Failure of prosecutor to reveal information.*

Defendant next asserts that the prosecutor failed to disclose certain "exculpatory" evidence to defense counsel. At trial, Radcliffe testified as follows:

"*Q.* Is there any doubt, Mr. Radcliffe, in your mind, any doubt whatsoever, that Mr. Simos who is sitting here next to me was the same person, the same identical person that walked in front of your car that night?
"*A.* He was the same person that walked in front of my car that night.
"*Q.* And there is no doubt whatsoever in your mind?
"*A.* No doubt in my mind.
"*Q. And did you have any doubt at any time that he may not have been the same person?*
"*A. No.*" (Emphasis supplied.)

After the trial, the defense learned that a policeman had reported on the day of the alleged burglary that "both Mr. and Mrs. Radcliffe stated that they did not feel that it would be worthwhile for them to view pictures as they did not think that they would be able to positively identify the suspects." Subsequent to November 27th, the Radcliffes did view photographs and identified defend-

---

[2] *Phoenix Ins. Co. v. Wisconsin Southern Gas Co.* (1970), 45 Wis. 2d 471, 484, 485, 173 N. W. 2d 610.

ant. Defendant asserts that existence and contents of this report should have been disclosed by the prosecutor to the defense prior to or at the time of trial. It is conceded that at no time did the defense demand that this report be disclosed to the defendant.

Assuming, without deciding, that the prosecutor, without demand from the defendant,[3] is required to disclose exculpatory information that is in his possession, in our opinion it is clear that the information relating to the Radcliffes' reported statement to the police was not exculpatory, nor did it demonstrate that the testimony admitted at trial was false. The statement meant that on the day of the crime the Radcliffes incorrectly believed they would be unable to identify the couple they had seen. When shown the photographs later they found that they could make an identification. At the very most the reported statement revealed an inconsistency in Mr. Radcliffe's testimony. The phrasing of the emphasized question at the trial indicates that Mr. Radcliffe was referring in his testimony to the time subsequent to the photo identification and not before he made that identification.

We think it significant that the trial court on motions after verdict considered the effect of the report which was not disclosed and decided that it was not needed in view of the extensive cross-examination of the witnesses. In short, we conclude that the evidence was not exculpatory and that at most it revealed a minor inconsistency in the witness' testimony. In *Ramer v. State*,[4] this court rejected a similar argument relating to the failure to disclose a police report for the purpose of testing the witness' credibility. We do not think the present case

---

[3] Defense demand required, *see: Brady v. Maryland* (1963), 373 U. S. 83, 83 Sup. Ct. 1194, 10 L. Ed. 2d 215; *State v. Cole* (1971), 50 Wis. 2d 449, 455, 456, 184 N. W. 2d 75; *Goetsch v. State* (1969), 45 Wis. 2d 285, 172 N. W. 2d 688.

[4] (1968), 40 Wis. 2d 79, 88, 161 N. W. 2d 209.

involves a failure on the prosecution's part to disclose information which tended to show the absence of an element of the crime.[5]

It should be noted that if the prosecution had been commenced on or after July 1, 1970, such report (the attorney general conceded on oral argument that the reported statement was to be treated identically to an actual statement), under the new criminal procedure code, would now be required to be turned over to the defense under provisions of sec. 971.24 (1), Stats., which reads:

"971.24 **Statement of witnesses.** (1) At the trial before a witness other than the defendant testifies, written or phonographically recorded statements of the witness, if any, shall be given to the other party in the absence of the jury. For cause, the court may order the production of such statements prior to trial."

### New trial.

Defendant's final contention is that he is entitled to a new trial either because of newly discovered evidence —the police report—or in the interest of justice. In State v. Chabonian [6] this court enumerated the requirements for granting a new trial on the ground of newly discovered evidence:

". . . '. . . (1) The new evidence was not discovered until after trial; (2) the party moving for a new trial must not have been negligent in seeking to discover such new evidence; (3) the new evidence must be material to the issue; (4) the new evidence must not be merely cumulative to testimony introduced at the trial; and (5)

---

[5] Giles v. Maryland (1967), 386 U. S. 66, 87 Sup. Ct. 793, 17 L. Ed. 2d 737. For discussion of the effect of Giles, see: Ramer v. State, supra, footnote 4; Britton v. State (1969), 44 Wis. 2d 109, 117, 118, 170 N. W. 2d 785; State v. Cole, supra, footnote 3.

[6] (1971), 50 Wis. 2d 574, 583, 185 N. W. 2d 289.

the new evidence must be such that it will be reasonably probable that a different result would be reached on a new trial. . . .' "

In the present case counsel for defendant made no effort to obtain this "new evidence" until after the trial. Accordingly, the second requirement of *Chabonian* was not fulfilled. Moreover, in our view there is no reasonable probability that a different result would be reached in a new trial. Hence the fifth requirement is not met. Discovery of new evidence which merely impeaches the credibility of a witness is not a basis for a new trial on that ground alone.[7]

Nor are we convinced that there was a probable miscarriage of justice here. We therefore must reject the contention that the conviction should be reversed and a new trial ordered in the interest of justice under sec. 251.09, Stats.[8]

*By the Court.*—Judgment and orders affirmed.

---

[7] *Greer v. State* (1968), 40 Wis. 2d 72, 78, 161 N. W. 2d 255.

[8] The writer of this opinion was unable to listen to the entire oral argument from the bench. This made it necessary to listen to the argument as taped. Individual justices make extensive use of the taped arguments.