POTEETE, Plaintiff in error, v. STATE, Defendant in error.

*No. State 166. Submitted May 3, 1973.—Decided June 5, 1973.*
(Also reported in 207 N. W. 2d 671.)

For the plaintiff in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

PER CURIAM. Since the pretrial photographic identifications of the defendant by the victims of the armed robbery were relied on and brought out by the prosecution in direct examination, this court, in its discretion, has reviewed the objection now raised by the defendant even though no objection was raised at the trial as to the identification. *Cf. State v. Cole* (1971), 50 Wis. 2d 449, 184 N. W. 2d 75.

After a review of the record, the court concludes there was no impermissible suggestiveness in the procedure utilized wherein the victims of the offense picked the defendant's photograph from a spread of seven different photographs presented to them for consideration.

Similarly, the record reveals the same seven photographs were again shown to one of the victims just prior to the lineup in Oklahoma wherein the defendant was identified in person. Again, there was no impermissible suggestiveness to this procedure.

Since under a totality of the circumstances, neither procedure was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification," *Simmons v. United States* (1968), 390 U. S. 377, 88 Sup. Ct. 967, 19 L. Ed. 2d 1247, the argument that the subsequent in-court identifications were tainted, must fail.

In any event, the court concludes the victims' in-court identifications were based on the substantial opportunity they had for making observations at the time of the crime.

The judgment is affirmed.