CHAPMAN, Plaintiff in error, v. STATE, Defendant in error.

*No. State 210. Argued June 5, 1975.—Decided June 30, 1975.*
(Also reported in 230 N. W. 2d 824.)

For the plaintiff in error there were briefs by *Howard B. Eisenberg,* state public defender, and *Ruth S. Downs,* assistant state public defender, and oral argument by *Ms. Downs.*

For the defendant in error the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

ROBERT W. HANSEN, J. The case of the state against this defendant included: (1) Identification of the defendant by the victim of the shooting; (2) identification of the defendant by the owner of the tavern; and (3) testimony of a resident of the halfway house where defendant lived as to overhearing a conversation in which defendant admitted participating in the holdup and complained that the man with the gun got all of the money. Defendant's challenge goes to: (1) Credibility of evidence; (2) sufficiency of evidence; and (3) adequacy of instructions.

*Credibility of evidence.* Defendant contends that the testimony of the fellow resident of the halfway house as to an overheard conversation is "inherently incredible." This court will not upset a jury's determination of credibility ". . . unless the fact relied upon is inherently or patently incredible." [1] To be incredible as a matter of law, evidence must be " '. . . in conflict with the uniform course of nature or with fully established or conceded facts.' " [2] That is not the case here. Surrounding circumstances and inconsistencies in the statements made by the fellow resident who testified as to the conversation he overheard, create a question of credibility but do not resolve it. There is nothing inherently incredible about a participant in a crime telling others what he did. This is particularly so where his expressed complaint is that he received none of the proceeds of the joint criminal venture.[3] The determination of this witness' credibility

[1] *Simos v. State* (1972), 53 Wis. 2d 493, 495, 192 N. W. 2d 877, citing *Lemerond v. State* (1969), 44 Wis. 2d 158, 162, 170 N. W. 2d 700.

[2] *Id.* at pages 495, 496, quoting *Phoenix Ins. Co. v. Wisconsin Southern Gas Co.* (1970), 45 Wis. 2d 471, 484, 485, 173 N. W. 2d 610.

[3] The police found no wallets, money or weapons on the defendant when he was placed under arrest.

and the weight to be given his testimony was ". . . properly a function of the trier of facts." [4]

*Sufficiency of evidence.* Defendant claims that the evidence submitted to the jury is not sufficient to sustain conviction. The evidence supporting the conviction included the positive and unequivocal in-court identification of the defendant by the victim of the shooting. That identification was based on the victim's observation of the holdup men for ten minutes at the time of the robbery. Previously the victim identified the defendant from a group of photographs shown to him on the day after the crimes. Where a rape victim positively identified her assailant, this court held: "This uncorroborated testimony alone would have been sufficient." [5] In the case before us, additional evidence supporting the jury verdict included: (1) The testimony of the fellow resident of the halfway house as to the overheard conversation with the defendant admitting participation in the holdup; (2) the testimony of police that when the officers approached the defendant and another man soon after the holdup, both ran with one escaping and with the defendant, upon stumbling and falling, being apprehended; and (3) the in-court identification of the defendant by the tavern owner, weakened but not rendered incredible by the tavern keeper's earlier failure to identify the defendant at a police lineup. [6] The credibility of these witnesses, and the weight to be given their testimony, including identification testimony, was ". . . a matter for the jury under proper instructions." [7] There was here credible evidence upon which the jury could be convinced beyond a reason-

---

[4] *Rohl v. State* (1974), 65 Wis. 2d 683, 695, 223 N. W. 2d 567.

[5] *Hemauer v. State* (1974), 64 Wis. 2d 62, 77, 218 N. W. 2d 342, citing *Lemerond v. State, supra,* footnote 1, at page 162.

[6] Five persons, four customers and the tavern owner, failed to identify the defendant as one of the holdup men at a police lineup conducted on the morning after the robbery.

[7] *Johns v. State* (1961), 14 Wis. 2d 119, 129, 109 N. W. 2d 490.

able doubt of defendant's guilt, and that is the test on review.[8]

*Adequacy of instruction.* Defendant's counsel on appeal contends that the trial court's instructions to the jury as to credibility were inadequate as to the weight to be given eyewitness identification testimony. Defense counsel at trial requested additional instructions—essentially informing the jury that identification testimony is opinion evidence, ". . . to be scrutinized with extreme care" and ". . . to be treated with the utmost caution." Instead, the trial court gave the jury instruction on identification [9] as well as the standard instructions on credibility of witnesses [10] and presumption of innocence,[11] listing factors to be considered in determining the weight and credit given the testimony of each witness, and directing the jury to ". . . scrutinize the evidence with the utmost care and caution." Where the exact language used here by the trial court was included in jury instructions given as to identification testimony, this court held: "These instructions allowed the jury to properly evaluate the credibility of the identification testimony . . . ." [12] Where instructions characterizing all identification testimony as opinion evidence [13] and suspect testimony were requested by a defendant and rejected by the court, our court on review held: "Without going into detail, the in-

[8] *Id.* at page 130, citing *State v. Johnson* (1960), 11 Wis. 2d 130, 104 N. W. 2d 379; *State v. John* (1960), 11 Wis 2d 1, 103 N. W. 2d 304.

[9] Wis J I—Criminal, Part I, 141.

[10] Wis J I—Criminal, Part I, 300.

[11] Wis J I—Criminal, Part I, 140.

[12] *State v. McGee* (1971), 52 Wis. 2d 736, 746, 190 N. W. 2d 893.

[13] *See: State v. Johnson* (1952), 261 Wis. 77, 82, 51 N. W. 2d 491, this court stating: "Veloyce saw the man twice . . . . Attempts on cross-examination to shake her certainty as to identification failed. Nothing in her testimony indicates that her identification of James Johnson as the assailant was only an opinion based on descriptive facts regarding the appearance of the man who assaulted her."

structions requested were unduly favorable to the defendant and the court was correct in not giving them as tendered." [14] In the case before us, we hold the requested instructions to be redundant, [15] finding the standard instructions, as given, to sufficiently and adequately have informed the jury of the possibility of human error and the need to scrutinize carefully all testimony given, identification testimony included.

By pro se motion, filed a few days before oral argument in this case, defendant asserted that he was not seeking the relief of a new trial being ordered, challenging the right of his counsel on review to raise issues seeking such result. On oral argument, the assistant state public defender assigned to this case stated that defendant had consented to the issue as to instructions given being raised on this review. The proper and indicated verification of such change of mind would have been for the defendant to withdraw his pro se motion. However, with no merit found in the issue raised and no new trial here indicated, we find no reason for further inquiry. The pro se motion of the defendant is denied, and the judgment of conviction and order denying new trial is affirmed.

*By the Court.*—Judgment and order affirmed.

[14] *Johns v. State, supra,* footnote 7, at page 128. *See also: United States v. Barber* (3d Cir. 1971), 442 Fed. 2d 517, 528, stating that identification testimony may be treated by the jury as a statement of fact by the witness " (1) if the witness had the opportunity to observe the accused; (2) if the witness is positive in his identification; (3) if the witness' identification testimony is not weakened by prior failure to identify or by prior inconsistent identification; and (4) if, after cross-examination, his testimony remains positive and unqualified."

[15] *See: Cullen v. United States* (8th Cir. 1969), 408 Fed. 2d 1178, 1181, where defendant sought instruction as to identification testimony being ". . . more uncertain and less to be relied upon, . . ." the court holding the instruction properly refused, it being ". . . redundant in substance when considered in the context of the other instructions, fails to correctly state the law and is argumentative."