JAMES J. ROBB, District Attorney Richland County
I am writing in response to your request for advice regarding the scope of a prosecutor's obligation to disclose exculpatory evidence under the following set of facts:
 Officer A arrested a defendant for operating while under the influence of an intoxicant. At a refusal hearing, Officer A's testimony included driving evidence which led him to pursue the defendant. Two years later, Officer B (the breathalyzer operator in the above-described arrest) stated that, on the night of defendant's arrest, Officer A told Officer B that he did not have any driving evidence.
 Officer A maintains that he only told Officer B he did not "have much" driving evidence and that he testified truthfully at trial. Officer A's commanding officer investigated the incident and did not press either criminal charges or disciplinary action.
You have asked me to answer four questions:
 1. Is Officer B's assertion exculpatory evidence that must be turned over in every case in which Officer A testifies?
 2. Assuming the information qualifies as exculpatory evidence, does the fact that this information is contained in Officer A's personnel file, apparently an open record, alleviate the prosecutor's responsibility to disclose?
 3. Again assuming the information qualifies as exculpatory evidence, does exculpatory evidence of this sort need to be disclosed in non-criminal ordinance prosecutions?
 4. If the above information is disclosed in every case Officer A is a witness for the State, does Officer A have a cause of action for slander or defamation of character? *Page 63 
 DISCUSSION
 Brady v. Maryland, 373 U.S. 83 (1963), held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 104. Impeachment evidence — i.e., evidence tending to cast doubt on a witness' credibility — is material subject to disclosure underBrady. See, e.g., United States v. Bagley, 105 S. Ct. 3375, 3380
(1985); Giglio v. United States, 405 U.S. 150 (1972); Hudson v.Blackburn, 601 F.2d 785, 789 (5th Cir. 1979), cert. denied,444 U.S. 1086 (1980); United States v. Esposito, 523 F.2d 242 (7th Cir. 1975), cert. denied, 425 U.S. 916 (1976); Tucker v. State,84 Wis.2d 630, 641, 267 N.W.2d 630 (1978); Loveday v. State,74 Wis.2d 503, 516, 247 N.W.2d 116 (1976); Nelson v. State,59 Wis.2d 474, 481, 208 N.W.2d 410 (1973). See also Napue v. Illinois,360 U.S. 264 (1959). Whether the prosecutor believes the impeachment evidence is inaccurate is irrelevant to the obligation to turn it over. United States v. Enright, 579 F.2d 980,989 (6th Cir. 1978). Thus, Officer B's claim that Officer A lied about the existence of probable cause constitutes exculpatory evidence under Brady even if you, as the prosecutor, believe Officer B's claim is incorrect. Cf. People v. Walker,666 P.2d 113 121-22 (Colo. 1983) (in determining extent of required disclosure of complaints about police officer's alleged use of excessive force, no distinction between sustained and unsustained complaints).
Although Brady requires disclosure of potentially exculpatory evidence, failure to disclose Brady material will not necessarily result in prejudicial error. Even if a prosecutor willfully fails to turn over arguably exculpatory evidence, a defendant still bears the burden of proving a Brady violation. To establish aBrady violation, a defendant must prove that "(1) the prosecution suppressed or withheld evidence (2) which is favorable and (3) material to the defense." United States v. Phillips, 664 F.2d 971,1025 (5th Cir. 1981), cert. denied sub nom. Meinster v.United States, 457 U.S. 1136 (1982). See also Moore v. Illinois,408 U.S. 786, 794-95 (1972). The United States Supreme Court recently defined materiality for Brady purposes:
 The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" *Page 64 
is a probability sufficient to undermine confidence in the outcome.
Bagley, 105 S.Ct. at 3384. Cf. State v. Ruiz, 118 Wis.2d 177,192, 347 N.W.2d 352 (1984) (standard by which Wisconsin courts "determine the existence or not of a duty voluntarily to disclose the evidence is whether, viewing the record as a whole, the undisclosed evidence raises a reasonable doubt that did not otherwise exist"). Where a prosecutor fails to disclose Brady
evidence, the trial court determines as matters of law the issues of materiality and (apparently) the exculpatory or inculpatory character of the evidence. Bagley, 105 S.Ct. at 3385.
In response to your first question, I conclude that the obligation to disclose the information impeaching Officer A'S credibility would not arise in every case in which Officer A testifies. Rather, the duty to disclose will depend on the materiality of the information to the defense. Materiality will depend on the specific circumstances surrounding the officer's testimony, including how much the state's case relies on the officer's evidence. If the state's case depends exclusively or almost exclusively on Officer A's credibility, a duty to disclose would almost certainly exist. Cf: Denver Policemen's ProtectiveAssociation v. Lichtenstein, 660 F.2d 432, 436 (10th Cir. 1981) (where case "involves a `swearing match' between the accused and police officers, ascertainment of the truth is of particular importance. . . . [W]hen the only prosecution witnesses are the police officers involved, anything that goes to their credibility may be exculpatory"). On the other hand, if the state's case rests principally on other (preferably unimpeached) evidence, or if the officer's testimony merely cumulates or is well-corroborated by other evidence, I doubt the officer's testimony would satisfy the Bagley materiality standard for disclosure of impeaching evidence.
Even assuming such evidence qualifies for disclosure underBrady and later cases, a question remains as to its proper use at trial. Because Wisconsin Rules of Evidence preclude the use of extrinsic evidence of specific instances of a witness's conduct to attack or support a witness's credibility, see sec. 906.08
(2), Stats., see also McClelland v. State, 84 Wis.2d 145,158-61, 267 N.W.2d 843 (1978), a defendant could not expect to use this evidence directly to impeach the officer. On the other hand, section 906.08 (1) Stats., entitles a defendant to attack the officer's credibility either with evidence of the officer's reputation for untruthfulness or with *Page 65 
opinion evidence regarding the officer's untruthfulness. Thus, a defendant could reasonably expect to use this evidence in accordance with section 906.08 (1), but not under section 906.08
(2). Because a defendant could use this evidence at trial to attack a witness s credibility (even if in an indirect rather than direct attack), a potential Brady obligation still exists.
Nonetheless, because of the collateral character of the credibility attack, the relevance and materiality of the evidence to a defendant would be more attenuated than if the alleged conduct were not collateral to a specific case. Thus, a prosecutor seeking to comply with Brady's disclosure requirements faces a closer call in these circumstances than when the alleged impeaching conduct actually occurs in the context of the specific case being litigated. The dilemma increases in light of the view, expressed by both the United States Supreme Court and the Wisconsin Supreme Court, that when serious doubt exists as to the materiality of evidence for impeachment purposes, a prudent prosecutor should incline to resolve doubtful questions in favor of disclosure. United States v. Agurs, 427 U.S. 97, 108 (1976); Ruiz, 118 Wis.2d at 190.
To minimize the likelihood of making an erroneous determination as to whether evidence of this sort should be disclosed pursuant to Brady, I suggest that prosecutors who have questions about the need to disclose allegedly exculpatory material follow the procedure for in camera inspection by the trial court as set forth in State v. Denny, 120 Wis.2d 614, 626-27, 357 N.W.2d 12
(Ct.App.), rev. denied, 121 Wis.2d 705, 362 N.W.2d 425 (1984).See also Martinelli v. District Court, 199 Colo. 163, 612 P.2d 1083
(1980). This procedure allows the court to review the material without significant disruption of court proceedings.
With respect to your second question, I conclude that the availability of the information in a public record does not diminish the duty to disclose when such a duty arises. In Statev. Cole, 50 Wis.2d 449, 184 N.W.2d 75 (1971), the Wisconsin Supreme Court indicated that a prosecutor's duty to disclose arises only when the state has exclusive possession of the information. Cole, 50 Wis.2d at 457. The Cole court relied onGiles v. Maryland, 386 U.S. 66 (1967), for this proposition, and Wisconsin courts have frequently reiterated the point. See, e.g.,State v. Sarinske, 91 Wis.2d 14, 36, 280 N.W.2d 725 (1979);State v. Amundson, 69 Wis.2d 554, 573, 230 N.W.2d 775 (1975);State v. Calhoun, 67 Wis.2d 204, 214, *Page 66 226 N.W.2d 504 (1975); State v. Rohl, 104 Wis.2d 77, 89,310 N.W.2d 631 (Ct.App. 1981). Arguably, a file's status as a public record implies lack of exclusive control or possession by the state. Butcf. Tucker v. State, 84 Wis.2d at 642 (defense counsel's access pursuant to prosecutor's "open file" policy is not the controlling factor in resolving the Brady issue).
Neither the Giles plurality nor the Brady majority mentions the state's exclusive possession of exculpatory evidence as the controlling factor. Rather, both Brady and Giles characterize materiality as the criterion triggering the duty to disclose exculpatory evidence. Moreover, Agurs, 427 U.S. 97, emphasizes materiality as the benchmark for determining whether a prosecutor must disclose exculpatory evidence even if a defendant fails to request it, and Bagley, 105 S.Ct. 3375, further reiterates materiality as the proper Brady focus. Consequently, althoughCole permits a court to consider exclusive possession as a factor in determining whether a prosecutor has complied with Brady, the court must evaluate that factor in the context of the fundamentalBrady criterion of materiality. If the information is exculpatory, material and in the state's possession, the prosecutor has a duty under Brady to disclose it.
As to your third question, I conclude that the Brady obligation does not arise in municipal ordinance prosecutions. By its terms,Brady addresses a disclosure obligation in connection with criminal prosecutions. Section 939.12 of the Wisconsin statutes defines "crime" as "conduct which is prohibited by state law and punishable by fine or imprisonment or both. Conduct punishable only by a forfeiture is not a crime." Section 66.115 of the Wisconsin statutes further provides that violation of a municipal ordinance may result in only a forfeiture (or imprisonment for failure to pay the forfeiture), and section 66.12 specifies that an action for violating a municipal ordinance is a civil action. By definition, therefore, an ordinance violation is not a criminal violation, and Brady does not apply. Accord State exrel. State Highway Commission v. Texaco, Inc., 502 S.W.2d 284,289 (Mo. 1973).
Moreover, I conclude that even if due process were deemed to require a government agency or unit to disclose exculpatory evidence to a defendant in a municipal ordinance case, Brady
would be largely superfluous. Except for the requirement underAgurs that a prosecutor disclose Brady material even when a defendant fails to make a Brady request, and except in traffic cases prosecuted under *Page 67 
chapter 345 (with respect to which the legislature specifically limited discovery rights, see sec. 345.421, Stats.) civil litigants already enjoy discovery rights under chapter 804 of the Wisconsin statutes that extend far beyond those available to a defendant under Brady. In a civil case such as an ordinance violation, Brady would not provide a defendant any due process rights of access to exculpatory evidence that do not already exist under the discovery provisions of the Wisconsin rules of civil procedure.
Finally, as to your fourth question, Officer A could not expect to prevail in a libel action against the county or county officials (such as a prosecutor) if the officer claimed that defamation flowed from the statements revealed pursuant to Brady
requirements. "[S]tatements made during investigatory proceedings and judicial proceedings are absolutely privileged." Radue v.Dill, 74 Wis.2d 239, 241, 246 N.W.2d 507 (1976). Cf: Novick v.Becker, 4 Wis.2d 432, 435, 90 N.W.2d 620 (1958) ("Parties to judicial proceedings are absolutely exempt from responsibility for libel on the ground of privilege for any defamatory matter published in the course of judicial proceedings, subject to the possible qualification that such defamatory matter is pertinent or relevant to the case"). Because I do not know the circumstances under which Officer B made the statements that arguably defamed Officer A, I offer no opinion as to Officer B'S potential liability to Officer A.
BCL:CGW *Page 68