GRAYSON, Plaintiff in Error, v. STATE, Defendant in Error.

*May 10—June 6, 1967.*

For the plaintiff in error there was a brief and oral argument by *Robert H. Friebert,* public defender.

For the defendant in error the cause was argued by *Robert E. Sutton,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

HANSEN, J. The defendant presents three issues in this appeal:

1. Did the trial court improperly restrict the examination of the prosecutrix?

2. Was the evidence sufficient to support a finding of guilty beyond a reasonable doubt?

3. Should the defendant be granted a new trial in the interest of justice under sec. 251.09, Stats.?

The defendant contends that the rulings of the trial court unduly limited the defendant's right to cross-examine the prosecutrix and therefore constituted preju-

dicial error. We have closely examined the entire record, particularly the portions thereof referred to in the defendant's brief. On one occasion, counsel for the defendant attempted to inquire about her whereabouts during the several weeks prior to November 12, 1964. Objections to these questions as being immaterial were sustained. The matter was not further pursued by defendant's counsel. There were objections to questions as to the knowledge of the Tyler family concerning Sherry staying in the attic; these were also sustained as being immaterial. Again, this matter was not further pursued. On another occasion, counsel for the defendant inquired as to whether or not defendant's sister lived next door to the Tyler residence. The objection to this question was sustained as being immaterial and again the matter was not further pursued. At no time during the trial did counsel endeavor to further pursue the prior relationship, if any, between the defendant and the prosecutrix or attempt to lay any foundation for any relationship that might have existed between the defendant and the prosecutrix or attempt to lay any foundation for any relationship that might have existed between the parties and the boyfriend of the prosecutrix and her boyfriend's brother, which it is alleged by counsel for the defendant was of some significance.

The defendant also claims the trial court improperly restricted the cross-examination with respect to the initial story of the prosecutrix wherein she stated she had been raped, and the results of a subsequent examination by a physician. We find no evidence of such alleged improper restriction on cross-examination. The record discloses that when she first went to the office of the district attorney, she reported she had been raped because as she testified, "I considered it rape." Subsequently, she was examined by a physician and found to be a virgin, and the present charge was the result. The trial court cor-

rectly found that counsel's attempt to cross-examine on this matter was argumentative and also properly directed counsel not to testify himself.

All of the objections were well taken. The rulings of the trial court only prevented improper formulation of questions and counsel was at all times free to make further inquiries provided that his questions were properly phrased in accordance with the rules of evidence.

Also, in resolving this issue, we are confronted with the basic rule "that the scope of cross-examination in a criminal case lies to a great extent in the discretion of the trial court." *Simpson v. State* (1966), 32 Wis. (2d) 195, 205, 145 N. W. (2d) 206, and cases therein cited. We conclude that the trial court did not improperly restrict the cross-examination.

The defendant urges that the state did not prove its case beyond a reasonable doubt. On an appeal from a conviction in a criminal case, the test of the sufficiency of the evidence is whether or not the evidence adduced, believed and rationally considered by the finder of fact was sufficient to prove the defendant's guilt beyond a reasonable doubt. *Oseman v. State* (1966), 32 Wis. (2d) 523, 531, 145 N. W. (2d) 766. In a criminal case, the same test applies whether the trial is to a court or to the jury. *Alston v. State* (1966), 30 Wis. (2d) 88, 100, 140 N. W. (2d) 286. The test does not require the members of this court to become equally convinced of the guilt of the defendant beyond a reasonable doubt, but only that this court be satisfied that the finder of fact on the credible evidence submitted could find the defendant guilty beyond a reasonable doubt. *State v. Stevens* (1965), 26 Wis. (2d) 451, 464, 132 N. W. (2d) 502. The prosecutrix and the defendant were the only persons to testify at the trial. This court recognizes that utmost restraint must be used in weighing the evidence in a case of this nature because of the great difficulty the defendant faces in defending

himself from such a charge and also because there ordinarily are no witnesses other than the parties themselves and that frequently the only possible defense is a direct denial. However, the credibility of the witnesses and the weight to be given to their conflicting testimony is for the finder of fact to determine. In *Gauthier v. State* (1965), 28 Wis. (2d) 412, 416, 137 N. W. (2d) 101, this court stated: "The credibility of the witnesses is properly the function of the jury or the trier of fact, in this case the trial judge. It is only when the evidence that the trier of fact has relied upon is inherently or patently incredible that the appellate court will substitute its judgment for that of the fact finder, who has the great advantage of being present at the trial."

The rule is well settled that an accused may be convicted on the uncorroborated testimony of a witness. *State v. Pickett* (1951), 259 Wis. 593, 597, 49 N. W. (2d) 712.

However, in this case there was corroboration of the testimony of the complaining witness in that the defendant substantiated her testimony as to time, their being alone in the attic, his leaving to get her food and returning with it. In fact, the testimony of the defendant corroborated that of the complaining witness in substantially all respects up to the time of the actual attempt.

The defendant also claims the testimony of the girl was not credible as a matter of law because (1) her failure to report the attack promptly; (2) lack of detail in her testimony; and (3) failure to demonstrate injury to her person. The girl testified that she had run away from home and did report the incident to her father immediately upon her return home and he in turn at once contacted the police. An examination of the record requires us to conclude that she did describe the incident in considerable detail and it would serve no useful purpose to repeat her testimony in this regard. The offense for

which the defendant was charged does not bear with it the element of injury. Such inconsistent statements as may have been made by her go only to her credibility and that is a matter for the trier of fact. *State v. Fries* (1945), 246 Wis. 521, 525, 17 N. W. (2d) 578.

The defendant also contends that because all of the allegations of error, and the court's failure to permit him to develop full inquiry with respect to the alleged animosity between the parties that it is within the discretionary power of this court, under sec. 251.09, Stats., to reverse the judgment of the trial court and order a new trial in the interests of justice.

". . . In order for this court to exercise its discretion and for such a probability to exist we would at least have to be convinced that the defendant should not have been found guilty and that justice demands the defendant be given another trial. . ." *Lock v. State* (1966), 31 Wis. (2d) 110, 118, 142 N. W. (2d) 183; *Commodore v. State* (1967), 33 Wis. (2d) 373, 147 N. W. (2d) 283.

There is no evidence that the trial court acted improperly or that a new trial would produce different results. We find nothing in the record to justify a reversal or the granting of a new trial. The motions for a new trial were properly denied.

*By the Court.*—Judgment and order affirmed.