# COURT OF APPEALS
# DECISION
# DATED AND FILED

## May 19, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1292-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2017CF1236

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ANGELO E. CANTRELL,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: T. CHRISTOPHER DEE, Judge. *Affirmed*.

Before Brash, P.J., Blanchard and Donald, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Angelo E. Cantrell appeals a judgment, entered upon a jury's verdict, convicting him of possessing a firearm while a felon. He

alleges that the evidence was insufficient to support the conviction and that the circuit court wrongly admitted certain evidence. We reject his claims and affirm.

## Background

¶2 The State filed a criminal complaint alleging that on June 24, 2015, at approximately 12:50 a.m., a gunman confronted A.G.-A. in the 1200 block of South 26th Street in Milwaukee, Wisconsin (the 26th Street scene). The gunman demanded money, but A.G.-A. did not comply. As the gunman drove away from the confrontation, A.G.-A. heard gunshots. Police responded to the 26th Street scene and found three nine-millimeter bullet casings.

¶3 The complaint went on to allege that during the evening hours of June 24, 2015, Cantrell was shot in the 4000 block of North 40th Street (the 40th Street scene). Police investigating there found nine-millimeter bullet casings. These matched the nine-millimeter casings found during the investigation of the 26th Street incident, and Cantrell became a suspect in the 26th Street incident. A.G.-A. subsequently picked Cantrell out of a photo array and identified him as the 26th Street gunman. The State charged Cantrell with three crimes arising out of the June 24, 2015 incident: attempted armed robbery and first-degree recklessly endangering safety by use of a dangerous weapon, both as a repeat offender, and possession of a firearm by a felon.[1]

¶4 Prior to trial, the State filed a motion *in limine* to admit evidence from the 40th Street scene. The State explained that it anticipated presenting evidence that Cantrell was the victim of a shooting on 40th Street and that the nine-millimeter

---

[1] The criminal complaint in this case included other charges against Cantrell arising out of other alleged incidents. The State dismissed those charges before trial, and we discuss them no further.

casings found there linked him to the crimes that occurred on 26th Street. In response, defense counsel did not dispute the relevance of the nine-millimeter casings but, because the evidence found at the 40th Street scene included casings from bullets of two different calibers, counsel argued that the evidence reflected a "wild west shootout" and therefore was unduly prejudicial. The circuit court disagreed with defense counsel and granted the State's motion, stating that "it would seem the evidence would come in that ... Cantrell was simply the victim of a shooting," and therefore he and his witnesses "can portray it as Mr. Cantrell being victimized."

¶5    The matter proceeded to trial. A.G.-A. testified that on June 24, 2015, he was confronted by a man with a "blackish-colored" gun. The gunman demanded A.G.-A.'s wallet and telephone. A.G.-A. refused to comply, and the gunman ran towards a waiting car. As A.G.-A. fled in his own car, he heard gunshots. A.G.-A. identified Cantrell from the witness stand as the gunman.

¶6    The State presented a surveillance video of the 26th Street scene that was recorded at the time of A.G.-A.'s encounter with the gunman. A.G.-A. explained that the video showed the encounter although the gunman was not visible in the video.

¶7    The State next presented evidence that, approximately twenty-three hours after a gunman accosted A.G.-A. on 26th Street, Cantrell was shot on 40th Street. A forensic investigator testified that he responded to the 40th Street scene and found nine-millimeter bullet casings and forty-millimeter bullet casings, suggesting that the shooting involved two firearms. The investigator followed a trail of blood into a nearby home and found Cantrell—who the investigator

described as "the victim"—along with personal items, including a pair of shorts that contained a cell phone.

¶8 An expert in the field of firearms and toolmark examination testified that he examined the nine-millimeter casings found at the 26th Street scene and at the 40th Street scene. The expert determined that the nine-millimeter casings at each scene were fired from the same gun.

¶9 During a recess, the State advised that it would present a police detective who would describe the contents of the cell phone found at the 40th Street scene. Those contents included photographs of Cantrell and of a hand holding a black and silver gun. The phone also contained searches for a nine-millimeter Ruger and for information about the location of the safety on a nine-millimeter firearm.

¶10 The circuit court rejected Cantrell's efforts to exclude the cell phone evidence, reiterating that the evidence from the 40th Street scene was relevant and admissible:

> the phone is evidence of what may have occurred on South 26th Street. It could be direct evidence. Given that fact scenario, I don't see how I could exclude it.
>
> ....
>
> [T]he phone appears to connect [Cantrell] to the search for a nine-millimeter Ruger. It may show him with his—nine-millimeter in his hand. And so regardless of what happened on 40th Street, it could connect him to 26th Street.

¶11 A Milwaukee police detective then took the stand and said that the cell phone found at the 40th Street scene was associated with an email address that included Cantrell's first and last names. The detective went on to describe the photos and searches that the cell phone contained. In addition, the detective testified

4

that a June 20, 2012 judgment reflecting Cantrell's conviction for felonious sexual assault remained of record and had not been reversed.

¶12     The jury found Cantrell guilty of possessing a firearm while a felon and found him not guilty of the other two charges he faced. He appeals.

**Discussion**

¶13     Cantrell argues that the evidence presented at trial was not sufficient to support his conviction for possessing a firearm while a felon. We begin our analysis with the standard of review.

¶14     Whether evidence was sufficient to support a conviction is a question of law that we review *de novo*. *See State v. Smith*, 2012 WI 91, ¶24, 342 Wis. 2d 710, 817 N.W.2d 410. Our review is "highly deferential." *See State v. Rowan*, 2012 WI 60, ¶26, 341 Wis. 2d 281, 814 N.W.2d 854. Applying that deferential standard, we will affirm the conviction unless the evidence, viewed most favorably to the State, "is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *See State v. Booker*, 2006 WI 79, ¶22, 292 Wis. 2d 43, 717 N.W.2d 676 (citation omitted). If there is any possibility that the jury could have drawn the appropriate inferences from the evidence to find guilt, we may not overturn a verdict, and if more than one reasonable inference can be drawn from the evidence, we must adopt the inference that supports the verdict. *See State v. Poellinger*, 153 Wis. 2d 493, 506-07, 451 N.W.2d 752 (1990). Assessing the credibility of the witnesses rests exclusively with the jury. *See State v. Wilson*, 149 Wis. 2d 878, 894, 440 N.W.2d 534 (1989). We defer to the jury's great advantage in weighing and sifting conflicting testimony and assessing nonverbal cues. *See id.*

¶15 Our standard of review is the same whether the evidence is direct or circumstantial. *See Poellinger*, 153 Wis. 2d at 507. "A conviction may be based in whole or in part upon circumstantial evidence," *State v. Hirsch*, 2002 WI App 8, ¶5, 249 Wis. 2d 757, 640 N.W.2d 140, and we recognize that circumstantial evidence may be stronger than direct evidence, *see Poellinger*, 153 Wis. 2d at 501.

¶16 In this case, the jury could find Cantrell guilty of possessing a firearm while a felon only if the State proved beyond a reasonable doubt that: (1) he possessed a firearm; and (2) he had been convicted of a felony before the date on which he possessed the firearm. *See* WIS JI—CRIMINAL 1343 (2015); WIS. STAT. § 941.29(2) (2013-14).[2] On appeal, Cantrell does not dispute that the State presented sufficient proof of his prior felony conviction. Accordingly, we take that issue as conceded and do not discuss it further. *See Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994). We turn to whether the State presented sufficient proof that Cantrell possessed a firearm.

¶17 According to Cantrell, "[t]here was no evidence presented at trial that [he] ever possessed a firearm." He argues:

> The jury rejected the testimony of [A.G.-A.] and his identification of Mr. Cantrell holding a gun when [the jury] found Mr. Cantrell not guilty of attempted armed robbery and reckless endangerment. Without [A.G.-A.]'s identification, no reasonable acting jury could find Mr. Cantrell guilty of possessing a firearm beyond a reasonable doubt. The jury concluded that Mr. Cantrell was not guilty of attempting to rob [A.G.-A.] and therefore no one placed Mr. Cantrell at the 26th Street scene. Therefore,

---

[2] Effective November 13, 2015, the legislature enacted substantial changes to WIS. STAT. § 941.29. *See* 2015 Wis. Act 109, §§ 6-16, WIS. STAT. § 991.11. Because Cantrell committed his crime on June 24, 2015, before the effective date of the 2015 legislation, we cite the 2013-14 version of § 941.29. All other references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

> Mr. Cantrell could not have had a gun at a scene [where] he was not present.

¶18 We reject this argument. First, it "seems to be premised on the theory that a jury must either totally believe or totally disbelieve a witness. The law is to the contrary." *Nabbefeld v. State*, 83 Wis. 2d 515, 529, 266 N.W.2d 292 (1978). A jury is in fact not required to wholly embrace or fully reject the testimony of a witness. Rather, "[a] jury, even where a single witness is inconsistent and testifies to diametrically opposed facts, may choose to believe one assertion and disbelieve the other." *Id.*

¶19 Second, Cantrell's argument runs counter to the rule that "whether the evidence is sufficient to support a conviction is decided independently of jury verdicts on related charges." *See State v. Rice*, 2008 WI App 10, ¶2, 307 Wis. 2d 335, 743 N.W.2d 517. The rule set forth in *Rice* requires us to focus on the evidence supporting the guilty verdict and bars us from speculating about how the jury reached its conclusions in regard to other charges. *Cf. State v. Perry*, 181 Wis. 2d 43, 50, 510 N.W.2d 722 (Ct. App. 1993) ("That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters."(citation omitted)).

¶20 In this case, the evidence supporting the guilty verdict included testimony from A.G.-A. that he saw Cantrell holding a gun on June 24, 2015. That testimony was not inherently illogical or in conflict with the course of nature, and the jurors were therefore free to believe that testimony, regardless of how they assessed A.G.-A.'s other testimony. *See Simos v. State*, 53 Wis. 2d 493, 495-96, 192 N.W.2d 877 (1972); *Nabbefeld*, 83 Wis. 2d at 529.

¶21     Testimony from A.G.-A. that he saw Cantrell holding a gun would alone have been sufficient to prove that Cantrell possessed a firearm. *See Grayson v. State*, 35 Wis. 2d 360, 367, 151 N.W.2d 100 (1967) ("The rule is well settled that an accused may be convicted on the uncorroborated testimony of a witness."). Here, however, the State also presented additional evidence, including: (1) testimony from A.G.-A. that he heard gunshots as he escaped from his encounter with Cantrell on South 26th Street early in the morning of June 24, 2015; (2) an investigator's testimony that bullet casings found at that scene had been fired from a nine-millimeter handgun; (3) a firearms expert's conclusions that the casings came from the same gun as the one fired at the scene where Cantrell was shot on 40th Street; and (4) pictures and internet searches on a cell phone found at the 40th Street scene that linked Cantrell to a nine-millimeter firearm.

¶22     Cantrell dismisses the evidence of the matching gun casings based on his thesis that the jury rejected A.G-A.'s testimony and thus "Cantrell could not have had a gun at a scene [where] he was not present." He similarly dismisses the cell phone evidence, emphasizing that no testimony proved that the gun pictured on the phone was not a toy, or that Cantrell was the person whose hand was pictured holding the gun. These contentions fail.

¶23     As to the arguments based on the jury's purported rejection of A.G.-A.'s testimony, we have already explained that under the rules set forth in *Nabbefeld* and *Rice*, our review of the sufficiency of trial evidence cannot include speculation about the jury's deliberations. As to the cell phone data—images of Cantrell and of a gun, and searches for how to use a nine-millimeter firearm—that evidence is circumstantial but no less probative for that reason. *See Poellinger*, 153 Wis. 2d at 501. "Circumstantial evidence is evidence from which a jury may logically find other facts according to common knowledge and experience." WIS

JI—CRIMINAL 170. The jury here could reasonably infer that the cell phone data tied Cantrell to the type of gun that was present at the 26th Street scene, and we must adopt that inference. *See Poellinger*, 153 Wis. 2d at 506-07.

¶24    In sum, the jury was entitled to conclude that the totality of the evidence, both direct and circumstantial, constituted proof beyond a reasonable doubt that Cantrell possessed a firearm while a felon. Accordingly, we reject Cantrell's challenge to the sufficiency of the evidence.

¶25    We also reject Cantrell's claim that the circuit court erroneously permitted the State to introduce evidence from the 40th Street scene at Cantrell's trial. Whether to admit evidence rests in the circuit court's discretion. *See State v. Pharr*, 115 Wis. 2d 334, 342, 340 N.W.2d 498 (1983). This court will uphold a discretionary decision admitting evidence if the circuit court exercised its discretion in accordance with accepted legal standards and the facts of record. *See id.*

¶26    "To be admissible at trial, evidence must be relevant." *State v. Petrovic*, 224 Wis. 2d 477, 493, 592 N.W.2d 238 (Ct. App. 1999). Relevant evidence is evidence that tends to make the existence of a consequential fact more or less probable. *See* WIS. STAT. § 904.01. Although relevant evidence is generally admissible, *see* WIS. STAT. § 904.02, evidence that is otherwise relevant may be excluded when, *inter alia*, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* WIS. STAT. § 904.03. In Cantrell's view, the evidence collected from the 40th Street

9

scene fits within all three of those exceptions and should have been excluded under § 904.03.[3] We disagree.

¶27 We begin with the probative value of the evidence. The bullet casings collected from 40th Street indicated that a nine-millimeter gun on the scene where Cantrell was shot on June 24, 2015, was also present on 26th Street earlier that day. The cell phone found at the 40th Street scene linked Cantrell to a nine-millimeter gun. The evidence thus tended to corroborate the testimony offered by A.G.-A. that he saw Cantrell in possession of a firearm at the 26th Street scene and to support a logical inference that Cantrell possessed such a weapon. The evidence was clearly relevant.

¶28 Cantrell therefore must demonstrate that the probative value of the evidence was substantially outweighed by one or more of the concerns outlined in WIS. STAT. § 904.03. *See id.* As the State correctly points out, however, Cantrell does not develop any argument showing that the evidence collected from the 40th Street scene was confusing or misleading. *See id.* Instead, the crux of Cantrell's argument is that the evidence was "highly prejudicial" because, Cantrell asserts, "this evidence tended to portray [him] as a gangster involved in a shootout." We are not persuaded.

¶29 "The standard for unfair prejudice is not whether the evidence harms the opposing party's case, but rather whether the evidence tends to influence the

---

[3] Our supreme court has developed a three-step analysis for determining whether a circuit court may properly admit evidence of other crimes, wrongs, or acts under WIS. STAT. § 904.04(2). *See State v. Sullivan*, 216 Wis. 2d 768, 783, 576 N.W.2d 30 (1998). Cantrell does not suggest that the evidence at issue here fits within the scope of § 904.04—indeed, he does not cite that statute— or that the three-step *Sullivan* analysis is applicable. We do not consider the question. *See State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992) (explaining that we will not develop arguments for a litigant).

outcome of the case by improper means." ***State v. Payano***, 2009 WI 86, ¶89, 320 Wis. 2d 348, 768 N.W.2d 832 (citations, brackets, and quotation marks omitted). Here, the circuit court considered Cantrell's argument that evidence collected from the 40th Street scene would suggest that Cantrell participated in "a wild west shoot out." The circuit court found, however, that the evidence from the 40th Street scene was susceptible to a neutral, even sympathetic, interpretation that Cantrell was a crime victim. The circuit court therefore reasonably determined that the probative value of the evidence was not substantially outweighed by the risk of an unfairly prejudicial inference. Accordingly, we conclude that the circuit court properly exercised its discretion by admitting relevant evidence from the 40th Street scene that connected Cantrell to the 26th Street scene and tied him to a gun that was fired there. ***See State v. Lindh***, 161 Wis. 2d 324, 349, 468 N.W.2d 168 (1991) (explaining that we will uphold an evidentiary ruling if the circuit court reasonably exercised discretion, even if another court might have exercised discretion differently).

¶30 Last, we observe that Cantrell ends his reply brief with an argument that "[t]he State violated the [circuit] [c]ourt's ruling to only portray [] Cantrell as a victim [of the 40th Street shooting] and instead introduced evidence of a wild west shootout and portrayed [] Cantrell as an aggressor." We reject this argument. Preliminarily, Cantrell does not identify a circuit court order requiring the parties to portray him as a victim. Rather, the State advised in its motion *in limine* that "we're presenting [] Cantrell as a victim of a shooting" and the circuit court found that "Cantrell or any of his witnesses can portray [the 40th Street shooting] as Mr. Cantrell being victimized." Regardless, we will not entertain a claim of prosecutorial misconduct raised in the reply brief because Cantrell did not first develop such a claim in the circuit court or in his brief-in-chief. ***See State v.***

*Champlain*, 2008 WI App 5, ¶17, 307 Wis. 2d 232, 744 N.W.2d 889 ("We generally do not review an issue raised for the first time on appeal."); *State v. Mechtel*, 176 Wis. 2d 87, 100, 499 N.W.2d 662 (1993) ("We do not generally address arguments raised for the first time in reply briefs.").  For all the foregoing reasons, we affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.