COURT OF APPEALS
DECISION
DATED AND FILED

January 21, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP600**

Cir. Ct. No. **2023TR156**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JACOB T. THORNBURG,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Eau Claire County: JOHN F. MANYDEEDS, Judge. *Affirmed*.

¶1 HRUZ, J.[1] Jacob T. Thornburg, pro se, appeals a forfeiture judgment for failing to maintain control of his vehicle, contrary to WIS. STAT. § 346.57(2), arguing that the State failed to present sufficient evidence to support

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

the judgment. He also contends that he was unfairly prejudiced at trial by the State and the circuit court's failure to follow certain trial procedures. We disagree in all respects and affirm the judgment.

## BACKGROUND

¶2 On December 2, 2022, State Trooper Alan Christian responded to a report of a two-vehicle accident on Interstate 94. After arriving at the accident scene, Christian spoke to Thornburg. Thornburg told Christian that he was driving a pickup truck and hauling a trailer when his truck began swerving. Thornburg stated that he was driving in the right lane and swerved into the left lane and back into the right lane before being struck by another vehicle from behind. Trooper Christian described the road conditions on the night of the accident as being "unfavorable" and described the roads as being "icy roads, snowy roads, one that would require somebody to slow down significantly." The State later charged Thornburg with violating WIS. STAT. § 346.57(2).

¶3 The matter proceeded to a bench trial, where Trooper Christian testified to the above facts, among other matters. Christian also testified that Thornburg stated at the scene of the accident that he had failed to keep his vehicle under control. Thornburg maintained at trial—and continues to maintain on appeal—that he never stated at the scene that he failed to keep his vehicle under control. At trial, Thornburg admitted to telling Christian that he was "swerving" prior to the accident. However, Thornburg argued that he did not know the exact definition of "swerving."

¶4 During its closing argument, the State contended that Thornburg "failed to keep his vehicle under control," given the obviously unfavorable road conditions. In particular, the State noted that "[t]here were multiple accidents on

2

the road. [Thornburg] admitted that he witnessed accidents on the road, and [Thornburg] was driving and hit ice and swerved into another lane causing an accident."

¶5     Thornburg then began to give his closing argument. After Thornburg began to comment on facts that were not in evidence, the circuit court interrupted Thornburg, had him placed under oath, and then asked Thornburg general questions to prompt his testimony. After the State cross-examined Thornburg, the court asked him if he had any further testimony or witnesses, which Thornburg answered in the negative. The court then allowed the State to add a brief statement to its closing argument, after which Thornburg gave his closing argument.

¶6     The circuit court determined that the State met its burden of proving that Thornburg did not exercise the proper care required under WIS. STAT. § 346.57(2) and ordered a forfeiture of $213.10. Thornburg now appeals.

## DISCUSSION

¶7     On appeal, Thornburg focuses on his relative fault regarding the accident that ultimately led to the charges at issue. He blames "dangerous amounts of ice" suddenly appearing ahead of him—to which he merely reacted— and contends that the driver who hit his vehicle from behind was the one who was acting illegally and unsafely. Based on these assertions, Thornburg argues that he did not cause the collision, that he used due care both "before and during the incident," and, therefore, he did not violate WIS. STAT. § 346.57(2). We interpret this argument as a challenge to the sufficiency of the evidence to prove that Thornburg violated § 346.57(2). Thornburg also argues that the circuit court "failed to provide due process" in various ways.

¶8 Our review of the sufficiency of the evidence entails the application of facts to the statutory standard. *See* **State v. Geske**, 2012 WI App 15, ¶10, 339 Wis. 2d 170, 810 N.W.2d 226 (stating that "the determination of whether the evidence satisfies the legal elements of the charge constitutes a question of law"). The circuit court's finding of fact will not be overturned unless clearly erroneous. *See* **Royster-Clark, Inc. v. Olsen's Mill, Inc.**, 2006 WI 46, ¶12, 290 Wis. 2d 264, 714 N.W.2d 530. A finding of fact is clearly erroneous when it "is against the great weight and clear preponderance of the evidence." **Id.**

¶9 The same test applies whether the challenge to the sufficiency of the evidence stems from a trial to a court or to a jury. **Grayson v. State**, 35 Wis. 2d 360, 366, 151 N.W.2d 100 (1967).

> The test for determining sufficiency of the evidence is whether a reasonable trier of fact could be convinced of the defendant's guilt to the required degree of certitude by the evidence which it had a right to believe and accept as true. It is not a question of whether this court is so convinced. Our task as a reviewing court is limited to determining whether the evidence presented could have convinced a trier of fact, acting reasonably, that the appropriate burden of proof had been met.

**City of Milwaukee v. Wilson**, 96 Wis. 2d 11, 21-22, 291 N.W.2d 452 (1980) (footnote omitted); *see also* **State v. Poellinger**, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990).

¶10 Thornburg was found guilty of violating WIS. STAT. § 346.57(2), resulting in a civil forfeiture. "That the essential nature of a forfeiture action is civil is explicit in our statutory law." **City of Neenah v. Alsteen**, 30 Wis. 2d 596, 600, 142 N.W.2d 232 (1966). The burden of proof for civil cases and civil forfeiture cases, in general, is by a preponderance of the evidence. *See* **Wilson**, 96 Wis. 2d at 21; *see generally* **Sufferling v. Heyl & Patterson**, 139 Wis. 510, 518,

121 N.W. 251 (1909). "However, in forfeiture actions which involve or are closely associated with acts of a criminal nature, a higher standard is required. Municipal ordinance violations involving acts which are also made criminal by statute must be proved by clear, satisfactory and convincing evidence." *Wilson*, 96 Wis. 2d at 21-22.

¶11 We are not aware of, nor does Thornburg or the State cite, any case law specifying whether a violation of WIS. STAT. § 346.57(2) is closely associated with acts of a criminal nature, thereby requiring the clear and convincing burden of proof.[2] However, we note that WIS JI—CRIMINAL 2672 (2023), which is the model jury instruction for a civil violation of § 346.57(2), provides that the finder of fact must be satisfied "to a reasonable certainty by evidence which is clear, satisfactory, and convincing" that the elements of the offense were met. The jury instruction further provides that criminal penalties may apply to violations of § 346.57(2). Accordingly, we conclude that the clear and convincing standard is the applicable burden of proof for a civil forfeiture resulting from a violation of § 346.57(2).

¶12 As relevant to this appeal, WIS. STAT. § 346.57 provides:

> (2) Reasonable and prudent limit. No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing. The speed of a vehicle shall be so controlled as may be necessary to avoid colliding with any object, person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and using due care.

---

[2] Indeed, neither party discusses the underlying burden of proof at trial in their appellate briefs.

(3) Conditions requiring reduced speed. The operator of every vehicle shall, consistent with the requirements of sub. (2), drive at an appropriate reduced speed … when special hazard exists with regard to other traffic or by reason of weather or highway conditions.

¶13      As noted above, Thornburg argues that he did not cause the accident involving his vehicle, that he used the appropriate amount of due care both before and during the accident, that he was driving at an appropriate speed, and that he never lost control of his vehicle. He repeatedly asserts that the accident would not have occurred but for the ice on the road suddenly appearing ahead of him, that the other driver was following too closely behind him, and that he was doing nothing "illegal or unsafe." Thornburg essentially argues that the evidence presented at trial was insufficient to find, by clear, satisfactory and convincing evidence, that he violated WIS. STAT. § 346.57(2). We disagree.

¶14      In *Danow v. United States Fidelity & Guaranty Co.*, 37 Wis. 2d 214, 223, 154 N.W.2d 881 (1967), our supreme court discussed whether the evidence presented at trial was sufficient to conclude that a driver's speed was not reasonable and prudent under the circumstances. While the court concluded there was no credible evidence to support a finding that the driver in question was speeding, the court noted that there was evidence that the driver "applied his brakes hard" and skidded out of his lane, that the road was wet, and that the temperature was approximately "30 to 35 degrees," although there was no testimony that the road was "slippery." *Id.* at 222-23. Our supreme court concluded that this evidence "alone [was] sufficient evidence to base a finding by the jury that [the driver's] speed was not reasonable and prudent under the circumstances. Cases have held that the physical facts surrounding the accident may create an inference of negligence as to speed." *Id.* at 223.

¶15   While ***Danow*** did not explicitly analyze WIS. STAT. § 346.57(2), we find its reasoning insightful for determining whether the evidence was sufficient to support a determination that Thornburg drove at a speed greater than was reasonable and prudent under the conditions.  Similar to the evidence in ***Danow***, Trooper Christian testified that the road conditions were "unfavorable," icy, snowy, and required drivers to "slow down significantly."  Further, there was direct evidence that Thornburg failed to control his vehicle and started swerving immediately prior to the accident.  These facts were sufficient for a trier of fact to conclude that Thornburg was driving at a speed that was not reasonable and prudent under the circumstances and that, because of this manner of driving, Thornburg lost control of his vehicle and became involved in a collision with another vehicle.

¶16   Thornburg's focus on appeal regarding what proximately led to the accident does not absolve him of driving too fast for the road conditions prior to the accident.  Plainly, the finder of fact could reasonably conclude that Thornburg was traveling at too great a speed given the conditions, which itself was the primary factor that ultimately made him unable to safely avoid the ice upon first seeing it.  While that inference may not have been the only reasonable one, it was a permissible reasonable inference for the factfinder to make, given the evidence in this case.  *See **Welytok v. Ziolkowski***, 2008 WI App 67, ¶27, 312 Wis. 2d 435, 752 N.W.2d 359.  Moreover, the factfinder could draw this reasonable inference regardless of how safely the driver behind Thornburg was operating.

¶17   To the extent that Thornburg is challenging various factual findings, such as his speed prior to the accident, the conditions of the road, whether he lost control of his vehicle, and whether he was the cause of the collision, we are not a fact-finding court.  *See **State ex rel. Ford v. Holm***, 2004 WI App 22, ¶36, 269

Wis. 2d 810, 676 N.W.2d 500. Rather, we review findings of fact under the clearly erroneous standard. ***Royster-Clark***, 290 Wis. 2d 264, ¶12. A finding of fact is clearly erroneous when it "is against the great weight and clear preponderance of the evidence." ***Id.*** Thornburg does not argue that the circuit court's findings are against the great weight and clear preponderance of the evidence, and our independent review of the record supports the reasonableness of the court's findings. Thus, we conclude that a reasonable trier of fact could determine, based on clear and convincing evidence, that Thornburg violated WIS. STAT. § 346.57(2).

¶18 Turning to Thornburg's remaining arguments, he asserts that the circuit court violated his due process rights by: (1) interrupting Thornburg during his closing argument; (2) directing the State to give its closing argument before Thornburg presented his case-in-chief; (3) ending Thornburg's testimony "while there was still truth to be ascertained;" (4) failing to recognize inconsistencies in Trooper Christian's testimony; and (5) failing to recognize inconsistencies in the State's closing argument. We reject these arguments.

¶19 The State concedes that the circuit court interrupted Thornburg's closing argument. However, the court did so only after Thornburg improperly began to rely upon evidence that had not been presented to the court. The court then reopened the case, assisted Thornburg in testifying by asking him questions, and later allowed Thornburg to give his full closing argument. Thornburg does not address the fact that he was ultimately given an opportunity to present his full closing argument, nor does he explain how any interruption "prevented" him from giving his closing argument. Rather, he merely makes general statements that he was deprived of due process. Accordingly, we reject this undeveloped argument. *See* ***State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (stating that we may

8

decline to review issues that are supported only by general statements and are inadequately briefed).[3]

¶20     The State also concedes that the circuit court directed the State to give its closing argument before Thornburg presented his case-in-chief.  The State contends that "this error was harmless," however, and that the court corrected this error by reopening the case and allowing Thornburg to testify.  Thornburg argues that this error was harmful to him because it confused him and it caused him to "not understand the rules of presenting [his] case and the nature of the hearing at that moment."

¶21     Whether an error is harmless is a question of law that we review de novo.  ***State v. Magett***, 2014 WI 67, ¶29, 355 Wis. 2d 617, 850 N.W.2d 42.  "The standard for harmless error is the same for civil and criminal cases.  The test is whether there is a reasonable possibility that the error contributed to the outcome of the action or proceeding at issue."  ***Schwigel v. Kohlmann***, 2005 WI App 44, ¶11, 280 Wis. 2d 193, 694 N.W.2d 467 (citation omitted).

¶22     We conclude that the circuit court's error—namely, directing the State to give its closing argument before Thornburg presented his case-in-chief—

---

[3] Within this argument, Thornburg suggests that the circuit court discriminated against him due to his disability.  We are unpersuaded by this suggestion for multiple reasons.  First, when we address a claim of judicial bias, we begin with the rebuttable presumption that the judge has acted fairly, impartially, and without bias.  ***State v. Goodson***, 2009 WI App 107, ¶8, 320 Wis. 2d 166, 771 N.W.2d 385.  This presumption can be rebutted by showing subjective bias or objective bias, *see **id.***, neither of which Thornburg addresses.

Further, Thornburg suggests that "it should have been clear to the [circuit] court that [he] had a cognitive impairment" because of his reference to suffering from a concussion and his stuttering during the hearing.  Based on the record before us, however, there is no evidence to support Thornburg's assertion that he suffers from a cognitive impairment or his assertion that this impairment is self-evident.

was harmless. While Thornburg may have experienced some confusion resulting from this error, there is nothing to suggest a possibility that this error contributed to the outcome of the proceeding.[4] In this context, Thornburg goes off topic and again brings up factual disputes to argue that the State's case against him was weak. However, as noted above, the evidence presented at trial was sufficient to support the court's finding of guilt. In addition, we do not perceive how the State giving its closing argument before Thornburg presented his case is inherently harmful to him.

¶23 Further, Thornburg argues that the circuit court ended the proceedings "while there was still truth to be ascertained" and that the court failed to recognize inconsistencies in Trooper Christian's testimony and in the State's closing argument. Thornburg provides no support for his assertion that the court improperly closed the admission of evidence too early. Indeed, the court expressly inquired whether Thornburg had any further evidence to present. Thornburg also fails to recognize that the court was not required to believe his view of the case, nor was it required to find him more credible than Christian. The court appears to have found Christian more credible, which was within its prerogative.

¶24 "When the [circuit] court acts as the finder of fact, it is the ultimate arbiter of the credibility of the witnesses and of the weight to be given to each witness's testimony." *Metropolitan Assocs. v. City of Milwaukee*, 2018 WI 4, ¶61, 379 Wis. 2d 141, 905 N.W.2d 784 (citation omitted). Indeed, "[t]he weight

---

[4] We note that the circuit court's misdirection and Thornburg's confusion likely stemmed from the fact that Thornburg was both representing himself and wished to testify as a witness. While he was certainly allowed to do so, this process can result in confusion, as the pro se litigant is acting in dual roles. Still, for the reasons explained, we deem any error harmless. We also note that Thornburg did not object to the process used at the time.

of the testimony and the credibility of witnesses are primarily determinations to be made by the finder of fact … and where more than one reasonable inference can be drawn from the credible evidence, the reviewing court must accept the one reached by the fact finder." *Landrey v. United Servs. Auto. Ass'n*, 49 Wis. 2d 150, 157, 181 N.W.2d 407 (1970) (citation omitted). Thornburg acknowledged to the court that he had fully presented his defense. That the court disagreed with Thornburg's view of the facts surrounding the accident does not mean that he was denied due process.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.